IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BRENT HECKMAN, | : | Civil No. 3:20-cv-860 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| S. SPAULDING, WARDEN, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Jeffrey Brent Heckman ("Heckman"), a federal inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). Heckman alleges that he is improperly placed in the Special Housing Unit ("SHU") at USP-Lewisburg, and he seeks release from the SHU. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the Court will dismiss the petition.

I.  Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford*

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *See* R. GOVERNING § 2254 CASES R.1(b).

*v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540.

Additionally, "although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." *Stanko v. Obama*, 393 F. App'x 849, 850-51 (3d Cir. 2010) (citations and quotations omitted). When an inmate's challenge is to "a condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate. *Leamer*, 288 F.3d at 542.

In the instant action, Heckman is not challenging the duration or propriety of his sentence. Instead, he asserts that he is improperly placed in the SHU and seeks release from special housing unit confinement. Heckman also requests that all staff at USP-

Lewisburg wear proper personal protective equipment and that inmates be provided with proper cleaning and personal hygiene supplies. Heckman's requested relief would neither alter his sentence nor undo his conviction. Therefore, his claims do not appropriately lie in habeas and the instant habeas petition will be dismissed. *See Bronson v. Demming*, 56 F. App'x 551, 553-54 (3d Cir. 2002) (holding that habeas relief was unavailable to an inmate seeking release from disciplinary segregation to general population, and the district court properly dismissed that habeas petition without prejudice to any right to assert claims in properly filed civil complaint).

## II. Conclusion

For the reasons set forth above, the Court will dismiss the habeas petition without prejudice to any right Heckman may have to reassert his present claims in an appropriate civil rights action.[2]

Robert D. Mariani
United States District Judge

Dated: June 23, 2020

---

[2] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Heckman may file based upon the facts asserted herein.